FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2007 JUL -5 AM 10: 59
LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JAMES JOSEPH**

**VS.**

**OMEGA PROTEIN, INC.**

**CIVIL ACTION NO:** 07-3615

**JUDGE:**
**MAGISTRATE:** SECT. I MAG 1

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **JAMES JOSEPH**, hereinafter referred to as Plaintiff, complaining of **OMEGA PROTEIN, INC.**, hereinafter referred to as Defendant, and for cause of action, would respectfully show unto this Honorable Court the following:

I.

Plaintiff is a Jones Act seaman under 46 U.S.C. § 30104, et seq.

II.

Defendant, **OMEGA PROTEIN, INC.**, is a Louisiana corporation, with its agent for service of process being C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809.

III.

Jurisdiction in this case is founded solely on the basis of Title 28 U.S.C. §1333 because this is a case of admiralty and maritime jurisdiction. This is an admiralty and maritime claim within the meaning of FRCP 9(h), and is plead as a 9(h) case.

IV.

Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, in that Defendant do business in the Eastern District of Louisiana and are amenable to process there.

Seaman

V.

Plaintiff is an American seaman and brings this action pursuant to Title 46 U.S.C. § 10304 and pursuant to the admiralty and general maritime laws of the United States. As such, pursuant to Title 28 U.S.C. § 1916, Plaintiff brings this action without the necessity of pre-payment of costs, fees or the necessity of furnishing security therefor.

VI.

At all times material hereto, Plaintiff **JAMES JOSEPH**, was aboard the subject pogey boat working as an employee of Defendant **OMEGA PROTEIN, INC.**, and was acting within the course and scope of his employment as a seaman and in the service of the vessel.

VII.

The subject air boat has been owned by Defendant **OMEGA PROTEIN, INC.**

VIII.

On or about June 13, 2007, as Plaintiff was performing his regular duties while in the service of the vessel, he severely injured his mind and body. Said injury was caused in whole or in part by the negligence of Defendant, its agents, servants and/or employees and/or was legally caused by the unseaworthiness of the subject steamer vessel, namely, *M/V Grand Chanier*..

IX.

By reason of the occurrences made the basis of this action, including the conduct on the part of the Defendant, Plaintiff has sustained severe bodily injury. Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life.

X.

Additionally, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability, his earning capacity has been impaired permanently.

XI.

Additionally, as a result of the injuries sustained in the occurrence of June 13, 2007, Plaintiff has suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

XII.

Pleading further, in the alternative, if it is shown that plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

XIII.

Plaintiff would show that on the above mentioned date, he was injured while in the service of the vessel. As a result, defendant had, and continues to have, a non-delagable duty to provide plaintiff with the benefits of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that defendant's duty continues. Defendant has denied payments and/or has unreasonably delayed payments for maintenance and cure and/or has paid maintenance in an insufficient amount. As a result of Defendant's failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure has been not only unreasonable, but has been arbitrary and capricious, or wilful, callous and persistent.

Wherefore, premises considered, Plaintiff, **JAMES JOSEPH** prays for judgement against Defendant, **OMEGA PROTEIN, INC.** in the amount of ONE MILLION SEVEN HUNDRED FIFTY THOUSAND and NO/100'S ($1,750,000.00) DOLLARS, for compensatory damages and attorney fees, pre- and post-judgement interest as allowed by law, for all costs of Court and all such other and further relief, at law and in equity and to which he may be justly entitled.

Additionally, plaintiff prays for $1,000,000 in compensatory damages and attorney fees for failure to pay maintenance and cure to plaintiff.

Respectfully submitted,

WILLIAM N. GEE, III, LTD.
(A PROFESSIONAL LAW CORPORATION)

BY:______________________________

WILLIAM N. GEE, III
Louisiana State Bar No. 14282
Post Office Drawer 52048
Lafayette, Louisiana 70505-2048
(337) 289-0808
(337) 289-0809 (Fax)